ORIGINAL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 23 2006 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

DAWN SCHLEGEL and
SANDRA HATFIELD,

         Defendants.

- - - - - - - - - - - - - - - - -X

AMENDED EX PARTE
POST-INDICTMENT
RESTRAINING ORDER

Criminal Action No.
CR-06-550

(Spatt, J.)

       Upon the application of ROSLYNN R. MAUSKOPF, United States Attorney for the Eastern District of New York, Assistant United States Attorney Denise McGinn, of counsel, the Declaration of Federal Bureau of Investigation Special Agent Robert Cappadona, dated August 16, 2006, and pursuant to 21 U.S.C. § 853 (e), and

       It appearing to the satisfaction of the Court that on August 16, 2006, a federal grand jury of this District returned an Indictment against the defendant DAWN SCHLEGEL and SANDRA HATFIELD, which charged them with insider trading in violation of and conspiracy to commit securities fraud in violation of 18 U.S.C. §§ 1348 and 1349, and which alleged that certain assets of SCHLEGEL's and HATFIELD's would, in the event of conviction, be subject to forfeiture pursuant to 21 U.S.C. § 853, and

       It further appearing to the satisfaction of the Court that the United States has moved, <u>ex parte</u>, for a Restraining Order pursuant to 21 U.S.C. § 853(e) to preserve the <u>status quo</u> and prevent defendants, their agents and nominees, from

alienating, encumbering, or wasting the property subject to forfeiture; and

It further appearing to the satisfaction of the Court that reasonable cause has been shown for the entry of this Restraining Order to preserve property named in this Order, based upon the Indictment and the supporting Declaration filed by the United States;

IT IS HEREBY ORDERED that:

Defendants SCHLEGEL and HATFIELD, as well as all attorneys, agents, employees, nominees and anyone acting for or in concert with Defendants, having any interest or control over the property described in Attachment A, and having actual knowledge of this Order, shall fully comply with this Order and shall not take any action prohibited by this Order; and

IT IS FURTHER ORDERED AS FOLLOWS:

1. Defendants SCHLEGEL and HATFIELD, as well as their agents, nominees, servants, employees, attorneys, family members, and those persons with actual knowledge of this Order having any interest or control over the property described in Attachment A or being in active concert or participation with Defendants, shall not

    a. directly or indirectly alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or

dispose of property described in Attachment A in any manner;

b.  cause property described in Attachment A to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner; or

c.  take, or cause to be taken, any action which could have the effect of concealing or moving property described in Attachment A from the jurisdiction of this Court; or take or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of property described in Attachment A.

2.  If any of the property described in Attachment A has been or is transferred or disposed of prior to the signing of this Order, the transferors shall account in writing, within ten (10) days of the date of this Order, to the Court and counsel for the United States for the disposition and location of the property.

3.  All financial institutions affected by this Order are directed to prevent and are otherwise enjoined from transferring, by wire or otherwise, conveying or disposing of any of the property covered by Attachment A.

4.  Any financial institutions holding any accounts subject to this Order shall take no offsets against such accounts. They shall continue to credit any deposits, interest, dividends, or other credits to such accounts in the normal course of business, and such deposits, interest, dividends, and other credits shall be subject to this Order.

5.  Any financial institution that holds any funds or securities identified in Attachment A shall, immediately upon receipt of this Order, inform the government agents or contractors who serve copies of the Order of the balances as of the date of service of this Order, and shall thereafter supplement such information by reporting to the Government any changes to the accounts, and by responding promptly to requests by the Government for information on the accounts' current status.

6.  If any account identified in Attachment A contains shares of stock or other negotiable instruments, such assets may be liquidated by the account holder of such assets or the United States, provided that all proceeds of any such liquidation are placed in a separate interest bearing account at the institution where the liquidated asset had been held or in an interest bearing account maintained by the United States Marshals Service, and that such interest bearing account shall continue to be subject to this Restraining Order.

4

7. This Order shall remain in effect until further order of the Court or until the Court modifies the Order as appears necessary in the interests of justice and consistent with the purposes of 21 U.S.C. § 853.

8. Any person or entity who violates or assists in any violation of this Order shall be subject to all appropriate penalties, including, but not limited to, contempt of Court.

9. The United States may serve each defendant and financial institution with a copy of this Order by facsimile, provided a hard copy is thereafter served by regular mail, overnight mail or personal service.

Dated: Central Islip, New York
       9/1, 2006

                              SO ORDERED:

                              _____
                              Arthur D. Spatt
                              United States District Judge

5

## **ATTACHMENT A**

The property hereby restrained includes all right, title and interest of the Defendant SCHLEGEL and HATFIELD in the following:

(i) any and all interest in the certificate of deposit number 10013 for $1,571,016.15 held at U.S. Trust Company of New York in account number 1060082 in the name of Dawn Schlegel International, Inc.;

(ii) any and all interest in the certificate of deposit number 10013 for $920,000.00 held at U.S. Trust Company of New York in account number 1075993 in the name of Party Time Trust;

(iii) any and all interest in U.S. Trust Company of New York account 1075985 in the name of Party Time Trust over the amount of $283.13;

(iv) any and all interest in U.S. Trust Company of New York account 1059734 in the name of Dawn Schlegel International, Inc. over the amount of $9,024.27;

(v) any and all interest in the certificate of deposit number 10034 for $1,007,750.00 held at U.S. Trust Company of New York in account number 0001079115 in the name of Sandra Hatfield Industries, Inc.;

(vi) any and all interest in the certificate of deposit number 10032 for $2,525,666.66 held at U.S. Trust Company of New

York in account number 0001079115 in the name of Sandra Hatfield Industries, Inc.;

(vii) any and all interest in U.S. Trust Company of New York account 1079123 in the name of Sandra Hatfield Industries, Inc., over the amount of $113.38; and

(viii) any and all interest in U.S. Trust Company of New York account 1059742.

7