UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

       -against-                         <u>MEMORANDUM & ORDER</u>
                                              06-CR-0550 (JS)

SANDRA HATFIELD, DAVID H. BROOKS,
PATRICIA LENNEX

                      Defendants.

----------------------------------X

APPEARANCES:

For Government:        Richard Thomas Lunger, Jr., Esq.
                       Christopher Allen Ott, Esq.
                       James Halleron Knapp, Esq.
                       James M. Miskiewicz, Esq.
                       United States Attorneys Office
                       610 Federal Plaza
                       Central Islip, NY 11722-4454

For Defendants:

Sandra Hatfield        Roland G. Riopelle, Esq.
                       Maurice H. Sercarz, Esq.
                       Sercarz & Riopelle LLP
                       152 West 57th Street, 24th Floor
                       New York, NY 10019

David Brooks           John C. Meringolo, Esq.
                       Meringolo and Associates, P.C.
                       1790 Broadway Suite 1501
                       New York, NY 10019

                       Zaki I. Tamir, Esq.
                       Gofer Tamir and Assoc.
                       55 Broad Street
                       New York, NY 10004

                       James M. LaRossa, Esq.
                       240 West End Avenue
                       New York, NY 10023

                       Kenneth Ravenell, Esq.
                       William H. Murphy, Jr., Esq.
                       The Murphy Firm
                       1 South Street, 23rd Floor
                       Baltimore, MD 21202

                        Richard Ware Levitt, Esq.
                        Yvonne Shivers, Esq.
                        Law Offices of Richard W. Levitt
                        148 E. 78th Street
                        New York, NY 10021

Patricia Lennox        Michael F. Bachner, Esq.
                        Bachner & Herskovits, P.C.
                        26 Broadway, Suite 2310
                        New York, NY 10004

SEYBERT, J., DISTRICT JUDGE:

Sandra Hatfield ("Hatfield") and David H. Brooks ("Brooks") (collectively, "Defendants") are charged with conspiracy to commit and substantive securities fraud, conspiracy to commit mail and wire fraud, mail fraud, wire fraud, conspiracy to obstruct justice, obstruction of justice, and conspiracy to defraud the United States. The Indictment separately charges Hatfield with three counts of insider trading and one count of tax evasion, and Brooks with six counts of insider trading, one count of making material misstatements to auditors, and two counts of filing false tax returns. On March 16, 2009, the Court severed the tax counts from the non-tax counts. On July 9, 2009, the Government filed a second Superseding Indictment charging Patricia Lennex with conspiracy to defraud the United States in connection with the severed tax counts.

On January 5, 2009, Brooks filed a lengthy and periphrastic motion essentially challenging Counts One and Six through Eleven on the grounds of duplicity, multiplicity, impermissible ex post facto retroactivity, and/or Federal Rule of

Criminal Procedure 7.  For the reasons below, Brooks' motion to dismiss is DENIED.

DISCUSSION

I.   Multiplicity/Duplicity Arguments

   A.   Duplicity

        An indictment is duplicitous if it joins two or more distinct crimes in a single count.  United States v. Murray, 618 F.2d 892, 896 (2d Cir. 1980).  A duplicitous indictment, which alleges several offenses in the same count, must be distinguished from "the allegation in a single count of the commission of a crime by several means."  Id. 618 F.2d at 896.  The latter is not duplicitous.  Additionally, "(t)he allegation in a single count of a conspiracy to commit several crimes is not duplicitous." Murray, 618 F.2d at 896  see also Braverman v. United States, 317 U.S. 49, 53, 63 S. Ct. 99, 87 L. Ed. 23 (1942) ("Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes.  The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one.").  "Finally, a single conspiracy is not transformed into multiple conspiracies merely by virtue of the fact that it may involve two or more phases or spheres of operation, so long as there is sufficient proof of mutual dependence and assistance."  United States v.

3

Maldonado-Rivera, 922 F.2d 934, 963 (2d Cir. 1990).

The policy considerations underlying the prohibition against duplicitous indictments include:

> [A]voiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution.

United States v. Margiotta, 646 F.2d 729, 733 (2d Cir. 1981) (citing Murray, 618 F.2d at 896).

Before the Court can grant a dismissal on duplicity grounds, a defendant must demonstrate prejudice resulting from the alleged duplicity; the duplicity doctrine is "more than an exercise in mere formalism." Murray, 618 F.2d at 897; Margiotta, 646 F.2d at 733. A finding of "[d]uplicity does not necessarily require dismissal of an indictment." United States v. Sturdivant, 244 F.3d 71, 79 (2d Cir. 2001) (citing United States v. Goodman, 285 F.2d 378 (5th Cir. 1960)). Among other safeguards, the Court can provide "a jury instruction that ensures that the jury is unanimous as to the conduct underlying the conviction." Id. (citing Murray, 618 F.2d at 898; cf. Abney v. United States, 431 U.S. 651, 664-65, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977)).

B.  Multiplicity

An indictment is multiplicitous if a single offense is

4

charged in more than one count. See United States v. Reed, 639
F.2d 896, 904 (2d Cir. 1981). "The vice in multiplicity of charges
is that it may lead to multiple sentences for the same offense and
may improperly prejudice a jury by suggesting that a defendant has
committed not one but several crimes." Id. (citing United States
v. Carter, 576 F.2d 1061, 1064 (3d Cir. 1978)). However, a single
act can violate two statutes. See Blockburger v. United States,
284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932); United
States v. Gumbs, 246 F.2d 441, 442 (2d Cir. 1957). Also, "each
transaction in a securities fraud case constitutes a separate
offense." United States v. Dioguardi, 492 F.2d 70, 83 (2d Cir.
1974), cert. denied, 419 U.S. 873, 95 S. Ct. 134, 42 L. Ed. 2d 112
(1974) (citing Sanders v. United States, 415 F.2d 621, 626 (5th
Cir. 1969), cert. denied, 397 U.S. 976, 90 S. Ct. 1096, 25 L. Ed.
2d 271 (1970)). Therefore, it is not multiplicitous to charge a
defendant with concealing a company's financial position in one
count and securities fraud in connection with the sale or purchase
of securities in another count. See id.

    C.    Counts Two and Six Through Eleven: 18 U.S.C. § 1348

        Brooks challenges counts two and six through eleven,
which charge violations of 18 U.S.C. 1348. Specifically, Count Two
charges

                In or about and between July 2000 and July
                2006, . . . the defendants DAVID H. BROOKS and
                SANDRA HATFIELD, together with others, did
                knowingly and intentionally execute a scheme

and artifice (a) to defraud persons in connection with securities of an issuer with a class of securities that was registered under Section 12 of the Securities Exchange Act of 1934, to wit: the common stock of D.H.B. Industries, Inc.; and (b) to obtain, by means of false and fraudulent pretenses, representations and promises, money and property in connection with the purchase and sale of securities of an issuer with a class of securities that was registered under Section 12 of the Securities Exchange Act of 1934, to wit: the common stock of D.H.B. Industries, Inc.

Counts Six through Eleven state,

On or about the dates indicated below, . . . the defendant DAVID H. BROOKS, together with others, did knowingly and intentionally execute a scheme and artifice (a) to defraud persons in connection with securities of an issuer with a class of securities that was registered under Section 12 of the Securities Exchange Act of 1934, to wit: the common stock of D.H.B. Industries, Inc.; and (b) to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of securities of an issuer with a class of securities that was registered under section 12 of the Securities Exchange Act of 1934, to wit: the common stock of D.H.B. Industries, Inc., in that BROOKS sold shares of DHB Industries, Inc. stock and generated the proceeds listed below:

| COUNT | TRANSACTION | TOTAL PROCEEDS | DATE |
|-------|-------------|----------------|------|
| SIX | Sale of 3,700,000 shares of D.H.B. Industries, Inc. stock | $69,358,388 | November 29, 2004 |

| SEVEN | Sale of 400,000 shares of D.H.B. Industries, Inc. stock | $7,439,280 | December 22, 2004 |
|---|---|---|---|
| EIGHT | Sale of 84,100 shares of D.H.B. Industries, Inc. stock | $1,687,382 | December 23, 2004 |
| NINE | Sale of 2,538,744 shares of D.H.B. Industries, Inc. stock | $53,161,299 | December 27, 2004 |
| TEN | Sale of 858,267 shares of D.H.B. Industries, Inc. stock | $17,053,765 | December 28, 2004 |
| ELEVEN | Sale of 1,916,914 shares of D.H.B. Industries, Inc. stock | $36,613,057 | December 29, 2004 |

(Title 18, United States Code, Sections 1348, 2 and 3551 et seq.)

The relevant parts of § 1348 state:

Whoever knowingly executes, or attempts to execute, a scheme or artifice—

(1) to defraud any person in connection with any security . . .; or

(2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any money or property in connection with the purchase or sale of any security . . .;

shall be fined under this title, or imprisoned not more than 25 years, or both.

18 U.S.C. § 1348(1)—(2) (emphasis added).

Defendant argues that the two subdivisions of Section 1348 are disjunctive, and thus the Government cannot plead subsections (1) and (2) together in a single count. Brooks

7

maintains that as written, the challenged counts require the Government to prove simultaneously that Brooks violated both Section 1348 (1) and (2). The Court disagrees, and finds that the challenged counts set forth different methods of committing one offense. There is a distinction "between improperly charging separate offenses in one count and properly charging separate means of committing a single crime in a single count." United States v. Crisci, 273 F.3d 235, 239 (2d Cir. 2001).

In fact, it is "regular practice for prosecutors to charge conjunctively, in one count, the various means of committing a statutory offense, in order to avoid the pitfalls of duplicitous pleading[s]." Griffin v. United States, 502 U.S. 46, 51, 112 S. Ct. 466, 116 L. Ed. 2d 371 (1991), reh'g denied, 502 U.S. 1125, 112 S. Ct. 1253, 117 L. Ed. 2d 484 (1992). Thus, the Government's use of the conjunctive "and" does not render the challenged counts duplicitous. See United States v. Schiff, 801 F.2d 108, 114 (2d Cir. 1986) ("It appears settled that indictments worded in the conjunctive, charging violations of statutes worded in the disjunctive, can be supported by proof of either of the conjoined means of violating the act.") (internal quotation marks and citations omitted); United States v. Parker, 165 F. Supp. 2d 431, 448 (W.D.N.Y. 2001) ("Where . . . the statute defining the offense defines disjunctively, i.e., through the use of the conjunctive 'or,' the means by which the statute may be violated, it is

permissible to allege the offense in the indictment conjunctively, i.e., through the use of the conjunctive 'and.'"); United States v. Watts, No. 98-CR-1082, 1999 U.S. Dist. LEXIS 6322, at *20 (S.D.N.Y. Apr. 30, 1999) ("Where, as here, the provision of the statute in question defines only one offense, the Government then properly charged the different means 'denounced disjunctively in the statute, conjunctively in each count of the indictment [such that] proof of any one of the allegations will sustain a conviction.'") (quoting United States v. UCO Oil Co., 546 F.2d 833, 838 (9th Cir. 1976)).

Additionally, Defendant Brooks argues that Count Two is both duplicitous and multiplicitous because Section 1348 (2) requires the purchase or sale of securities, and thus Count Two must "include one or more of the sales reflected in COUNTS SIX through ELEVEN, these being the only 'in connection with' transactions . . . ." Brooks' Mem. of Law at 11. The Court rejects Defendant's argument.

The Court finds that the "in connection with" language in Section 1348 does not refer solely to the purchase or sale of securities specifically made by Defendant. Rather, Section 1348 is broad, and was not enacted to punish only the fraudulent obtainment of money or property in connection with Defendant's purchase or sale of any security. See United States v. Mahaffy, No. 05-CR-0613, 2006 U.S. Dist. LEXIS 53577, at *35 (E.D.N.Y. Aug. 2, 2006)

9

(holding that the statute "defines no such narrow range of prospective victims; it is sufficient that the Indictment alleges the defendants intended to defraud 'any person in connection with any security.'" (quoting 18 U.S.C. § 1348(1)) (emphasis in original)). Like Section 10(b) of the Securities and Exchange Act of 1934, "[t]here is no requirement that an individual defendant actually buy or sell securities." United States v. Ferrarini, 9 F. Supp. 2d 284, 297 (S.D.N.Y. 1998).

Brooks next argues that if the "in connection with" language does not refer to sales or purchases of securities made by Brooks, then Count Two is duplicitous because Section 1348(2) charges the same offense already alleged in Section 1348(1). In other words, if the language in Count Two refers solely to false or fraudulent information disseminated to the investing public, then there is no difference between the Section 1348(1) charge in Count Two, and the Section 1348(2) aspect of Count Two.[1] The Court disagrees.

Section 1348(1) makes it unlawful "to defraud any person in connection with any security," whereas Section 1348(2) makes it unlawful "to obtain, by means of false or fraudulent pretenses, representations, or promises, any money or property in connection with the purchase or sale of any security." Neither subsection

---

[1] The Court notes that the Government's perfunctory response barely, if at all, addresses the second prong of Brooks' argument.

require that the Defendant purchase or sell securities. However, subsection (2) differs from subsection (1) in that it requires a showing that the defendant obtain "money or property" by fraudulent means. The Indictment is wrought with allegations that Brooks and his co-defendant Hatfield fraudulently concealed compensation, i.e., received "money or property", in connection with their service to DHB, a publicly traded corporation. In addition to the allegations that Defendants received improper compensation, the Indictment also alleges that Defendants defrauded the investing public by falsifying DHB's records, overstating gross profit margins and earnings, and reclassifying earnings. Thus, the two subsections alleged in Count Two are not duplicitous, and Count Two is not multiplicitous because it does not require a showing that Brooks himself sold DHB stock, as alleged in Counts Six through Eleven.

Even if the Court held the Counts to be duplicitous, which it does not, dismissal would still not be warranted because the Court can provide a jury instruction requiring a unanimous decision as to the acts constituting violation of the statute. See Sturdivant, 244 F.3d at 79. Therefore, Defendant's motion to dismiss Count Two and Counts Six through Eleven on duplicity grounds is DENIED.

B.    Count One: 18 U.S.C. § 1349

Count One charges,

> In or about and between July 2000 and July
> 2006, both dates being approximate and
> inclusive, within the Eastern District of New
> York and elsewhere, the defendants DAVID H.
> BROOKS and SANDRA HATFIELD, together with
> others, did knowingly and intentionally
> conspire to execute a scheme and artifice (a)
> to defraud persons in connection with
> securities of an issuer with a class of
> securities that was registered under Section
> 12 of the Securities Exchange Act of 1934, to
> wit: the common stock of D.H.B. Industries,
> Inc.; and (b) to obtain, by means of false and
> fraudulent pretenses, representations and
> promises, money and property in connection
> with the purchase and sale of securities of an
> issuer with a class of securities that was
> registered under Section 12 of the Securities
> Exchange Act of 1934, to wit: the common stock
> of D.H.B. Industries, Inc., all in violation
> of Title 18, United States Code, Section 1348.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

Section 1349 makes it unlawful for any person to "attempt[] or conspire[] to commit any offense under this chapter."

Defendant repeats the same arguments for Count One that he made for Count Two. Essentially, Brooks maintains that Count One requires the Government to establish two conspiracies, one in violation of Section 1348(1), and the other conspiracy in violation of Section 1348(2). As discussed above, Brooks' arguments fail here as well. Defendant may violate § 1349 by engaging in acts that violate either § 1348(1) or (2). The Government has charged that Defendants committed a single conspiracy to violate Section 1348, not two separate conspiracies. See United States v. Aracri, 968 F.2d 1512, 1518 (2d Cir. 1992).

12

III. Ex Post Facto

The United States Constitution prohibits Congress from enacting any ex post facto law. U.S. Const. art. I, § 9, cl. 3. "This constitutional safeguard protects persons from being subject to prosecution and punishment for conduct that was not criminal at the time it was committed." United States v. Schwartz, 924 F.2d 410, 418 (2d Cir. 1991). Additionally, this doctrine protects against laws "that change[] the punishment, and inflict[] a greater punishment, than the law annexed to the crime, when committed." Johnson v. United States, 529 U.S. 694, 699, 120 S. Ct. 1795, 146 L. Ed. 2d 727 (2000) (quoting Calder v. Bull, 3 U.S. 386, 390 (1798)). A defendant must establish two elements to show a law is ex post facto: (1) it must be retrospective, applying to acts occurring prior to the law's enactment; and (2) it must disadvantage the defendant. DiNapoli v. Northeast Regional Parole Commission, 764 F.2d 143, 145 (2d Cir. 1985) (citing Weaver v. Graham, 450 U.S. 24, 29, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981)).

Criminal offenses that begin prior to the enactment of a law, but continue after the law's effective date, do not violate the ex post facto clause. United States v. Josephberg, 562 F.3d 478, 502 (2d Cir. 2009); United States v. Duncan, 42 F.3d 97, 104 (2d Cir. 1994); United States v. Trupin, 117 F.3d 678, 686 (2d Cir. 1997). "A continuing offense is not complete until 'the conduct has run its course.'" United States v. Clark, No. 08-CR-0263, 2009

WL 909555, at *1 (2d Cir. Apr. 6, 2009) (quoting <u>United States v.</u> <u>Eppolito</u>, 543 F.3d 25, 46 (2d Cir. 2008)).

The effective date of 18 U.S.C. § 1348 is July 30, 2002. Brooks maintains that the allegation in the Indictment that occurred before July 30, 2002 violate the <u>ex post facto</u> doctrine.[2] The Court disagrees.

Defendant cites several bank fraud cases to support his contention that each securities transaction is a separate and distinct offense. <u>See</u>, <u>e.g.</u> <u>United States v. Brandon</u>, 17 F.3d 409, 422 (1st Cir. 1994) ("[E]ach execution of a scheme to defraud constitutes a separate indictable offense."). However, the cited cases discuss the multiplicity doctrine and whether several transactions could be charged as multiple counts or just one count. As previously discussed, a single act, or a single scheme, can violate two statutes, and multiple securities transactions can constitute separate and multiple crimes. <u>See</u> <u>Blockburger</u>, 284 U.S. at 304; <u>Dioguardi</u>, 492 F.2d at 83. This does not, however, equate to a temporal cutoff when determining whether an offense is complete or continuing.

As Defendant Brooks concedes, Section 1348 is somewhat analogous to the bank fraud statute. However, Brooks fails to

---

[2] Defendant "concedes that COUNT ONE, Conspiracy to Commit Securities Fraud, under the prevailing law constitutes a continuing offense and is therefore not barred . . . ." Brooks' Reply Brief at 7, n.3.

acknowledge that bank fraud is a "continuing offense[ ]" and an indictment does not "run afoul of the Ex Post Facto Clause if the criminal offenses continue after the relevant statute becomes effective." United States v. Duncan, 42 F.3d 97, 104 (2d Cir. 1994). The Superseding Indictment charges Brooks with continuing the alleged fraudulent activity after the effective date of the statute, and thus does not violate the ex post facto clause. See United States v. Nicholas, 2008 U.S. Dist. LEXIS 104377, at *13 (C.D. Cal. Dec. 15, 2008) (holding that "[d]efendants' scheme to defraud in violation of 18 U.S.C. § 1348 is a continuing offense" and therefore did not violate the ex post facto clause).

IV. Rule 7

Defendant argues that Counts Six through Eleven violate Federal Rule of Criminal Procedure 7 because each of the above counts cite finite dates, but do not allege a scheme or artifice to defraud specific to the respective dates. Rule 7(c) states, in relevant part,

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count.

The Court finds that Brooks' arguments are illogical. The Superseding Indictment sets forth the allegations constituting the offenses charged in Counts Six through Eleven. The numerous

paragraphs preceding these counts are incorporated by reference, and clearly set forth the Government's various allegations with respect to Brooks' alleged violation of Section 1348. The Court finds that the Superseding Indictment is thus sufficient under Rule 7(c), and DENIES Brooks' motion to dismiss on this ground.

<u>CONCLUSION</u>

For the reasons set forth above, Defendant's motion to dismiss is DENIED in its entirety.

SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     July 22, 2009
           Central Islip, New York