UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

       -against-                                <u>MEMORANDUM AND ORDER</u>
                                                      06-CR-0550 (JS)

SANDRA HATFIELD, DAVID H. BROOKS,
PATRICIA LENNEX,

               Defendants.
------------------------------------X

APPEARANCES:

For Government:        Richard Thomas Lunger, Jr., Esq.
                        Christopher Allen Ott, Esq.
                        James Halleron Knapp, Esq.
                        James M. Miskiewicz, Esq.
                        United States Attorneys Office
                        610 Federal Plaza
                        Central Islip, NY 11722-4454

For Defendants:

Sandra Hatfield        Roland G. Riopelle, Esq.
                        Maurice H. Sercarz, Esq.
                        Sercarz & Riopelle, LLP
                        152 West 57th Street, 24th Floor
                        New York, NY 10019

David Brooks          John C. Meringolo, Esq.
                        Meringolo and Associates, P.C.
                        1790 Broadway, Suite 1501
                        New York, NY 10019

                        Zaki I. Tamir, Esq.
                        Gofer Tamir and Assoc.
                        55 Broad Street
                        New York, NY 10004

                        James M. LaRossa, Esq.
                        240 West End Avenue
                        New York, NY 10023

                        Kenneth Ravenell, Esq.
                        William H. Murphy, Jr., Esq.
                        The Murphy Firm
                        1 South Street, 23rd Floor
                        Baltimore, MD 21202

Richard Ware Levitt, Esq.
Yvonne Shivers, Esq.
Law Offices of Richard W. Levitt
148 E. 78th Street
New York, NY 10021

Roger V. Archibald, Esq.
William C. Thompson, Esq.
16 Court Street
Brooklyn, NY 11241

SEYBERT, District Judge:

Pending before the Court are dueling motions for reconsideration and modification of the Court's June 2, 2010 Oral Ruling. <u>See</u> Docket Nos. 1088, 1100. This Oral Ruling denied a mistrial motion that Mr. Brooks premised on the Government asking two fact witnesses supposed "guilt assuming hypothetical" questions. In its Oral Ruling, the Court denied Mr. Brooks' mistrial motion but admonished the Government for phrasing several questions improperly. The Government seeks modification on the grounds that its questions were proper. Mr. Brooks seeks reconsideration on the grounds that the Government's improper questions warrant a mistrial, and that the Court's alternative suggested phrasing is equally improper. For the foregoing reasons, both motions are DENIED.

<u>BACKGROUND</u>

Prior to trial, the Government sought to call two DHB investors, David Walter and Michael Adair, as fact witnesses on materiality. Over objection from Ms. Hatfield, the Court

admitted this testimony on January 25, 2010, finding that testimony from a sampling of DHB investors regarding "what influenced their investment decisions is probative of what a 'reasonable investor' would have considered." Docket No. 781. Several months later, Mr. Brooks filed an untimely motion for reconsideration asking the Court to preclude this testimony, which the Court denied. See U.S. v. Hatfield, 06-CR-550, 2010 WL 1957363; 2010 U.S. Dist. LEXIS 46875 (E.D.N.Y. 2010).

The investors then testified. During their testimony, the Government asked them several questions that, by their phrasing, presumed as true certain disputed factual allegations. For instance, the Government asked both Mr. Walter and Mr. Adair: "If you had learned that DHB inflated the costs of direct labor included in the Incerceptor inventory . . . would that have been a significant fact to you as a shareholder?" (Tr. 13990, 14241). And the Government used a substantively identical "if you had learned [disputed fact]" formula for several other questions, including a few such questions after the Court expressly instructed the Government to phrase its questions differently. (Tr. 13998, 14000-02, 14006-07, 14018, 14252, 14265-66, 14278-79).

Following Mr. Walter's and Mr. Adair's testimony, Mr. Brooks moved for mistrial based on this questioning. On June 2, the Court denied this motion in an Oral Ruling. The Court held

3

that, although the Government asked "inappropriate" questions, and behaved in a "less than professional" manner, the Government's conduct did not deny Mr. Brooks a fundamentally fair trial. In so ruling, the Court also noted that the Government's preferred phrasing was unnecessary; the Government could have obtained the same probative value without confusing the jury by using a formula that identified the disputed fact only as a Government allegation. Specifically, the Court commented that the Government could have used the following formula: "The Government has alleged [disputed fact]. If the Government's allegation is true, would this [disputed fact] have been significant to you as a shareholder?"

The Government contends that its questions were proper. Mr. Brooks contends that the Government's questions were so improper that they warrant a mistrial. And Mr. Brooks further contends that the Court's alternative proposed formula is equally improper, because it still constitutes asking a "guilt assuming hypothetical question" to a fact witness.

## DISCUSSION

I. Mr. Brooks' Motion

Mr. Brooks premises his motion on the grounds that U.S. v. Oshatz, 912 F.2d 534 (2d Cir. 1990), precludes "guilt assuming hypothetical questions," regardless of whether the Government's or the Court's phrasing is used. The Court

4

disagrees, because Oshatz is distinguishable on two grounds. First, Oshatz repeatedly confines its analysis to guilt assuming hypotheticals posed to "character witnesses." 912 F.2d at 536-540. But here, neither Mr. Walter nor Mr. Adair was a character witness. Rather, they were both fact witnesses who testified as to the limited question of materiality. And "there appears to be no support for the proposition that the government cannot ask its own fact witnesses otherwise relevant questions that may have a guilt-assuming element." U.S. v. Laurienti, __ F.3d __ 2010 WL 2266986, *16, 2010 U.S. App. LEXIS 11594, *47-48 (9th Cir. June 8, 2010). On the contrary, such hypothetical questions are "plainly relevant and probative" when they concern "the materiality of Defendants' actions" in the context of a securities fraud prosecution. Laurienti, 2010 WL 2266986, *16; United States v. Jennings, 487 F.3d 564, 582 (8th Cir. 2007) (hypothetical questions concerning materiality are appropriate because "[t]he government would be hard pressed to prove this element without asking whether the undisclosed information would have affected the decision maker's analysis"); U.S. v. Ranney, 719 F.2d 1183, 1189 (1st Cir. 1983) (district court was "eminently correct" in admitting hypothetical questions concerning materiality).

Second, the Government's questions did not actually ask Mr. Walter or Mr. Adair to assume Mr. Brooks' guilt.

5

Instead, the Government's questions merely presumed certain disputed facts concerning DHB's public statements. See U.S. v. Dukes, 242 Fed. Appx. 37, 45 (4th Cir. 2007) (materiality-related hypothetical questions were appropriate and "did not assume Dukes's guilt of the charged crimes. Instead, it focused on the materiality of Dukes's representations about the infrastructure companies' financial prospects."). In this regard, the Court notes that the Government's questions did not link Mr. Brooks to DHB's public statements. Nor did they implicate Mr. Brooks' scienter. Likewise, the Court's suggested phrasing also would not ask the witnesses to assume Mr. Brooks' guilt. They would merely inquire into whether DHB's alleged misrepresentations or omissions, if true, affected the investor's total mix of information. So it is simply inaccurate to describe either the Government's or the Court's phrasing as a guilt assuming hypothetical, much less the kind of character-related hypothetical that Oschatz precluded.

Accordingly, Mr. Brooks' motion for reconsideration is completely without merit. It is DENIED.

II. The Government's Motion

The Government does not ask the Court to reconsider its ultimate decision. But it does ask the Court to modify its Oral Ruling and hold that the kinds of hypothetical questions the Government asked were proper. In this regard, the

6

Government asks the Court to find that its questions were "probative of materiality, proper and necessary." Docket No. 1100 at 2. And the Government contends that the Court's ruling to the contrary "appears to assume the applicability of Oshatz and similar holdings." The Government is wrong on all counts.

As an initial matter, the Court did not assume Oshatz's applicability. The Court did not cite Oshatz. And for good reason. As the Court expressly sets forth above, Oshatz does not apply because: (1) neither Mr. Walter nor Mr. Adair were character witnesses; and (2) the Government's questions did not actually assume Mr. Brooks' guilt, but merely presumed the truth of certain disputed allegations concerning DHB's public statements.

Rather, the Court's decision derived from its inherent authority to manage a trial, and the need to minimize jury confusion. Contrary to the Government's claim, there was nothing "necessary" about it phrasing questions in such a way as to presume the truth of disputed factual allegations. Indeed, despite postulating that its questions were "necessary," the Government does not even attempt to explain how its "disputed fact presuming" questions carried more probative value than the Court's suggested phrasing, which minimized the potential for jury confusion by clarifying that this line of questioning concerned disputed Government allegations, not undisputed facts.

Nor does the Government explain why it was proper and professional to continue questioning Mr. Adair in this manner even after the Court instructed it to rephrase its questions. (Tr. 14265-66, 14278-79).

## CONCLUSION

Mr. Brooks' motion for reconsideration (Docket No. 1088) is DENIED. The Government's motion for modification (Docket No. 1100) is DENIED.

SO ORDERED.

_____/s/_____
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
       June 10, 2010