```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,

         -against-                          MEMORANDUM AND ORDER
                                            06-CR-0550 (JS)
SANDRA HATFIELD, DAVID H. BROOKS,
PATRICIA LENNEX,

              Defendants.
-----------------------------------X
APPEARANCES:
For Government:      Richard Thomas Lunger, Jr., Esq.
                     Christopher Allen Ott, Esq.
                     James Halleron Knapp, Esq.
                     James M. Miskiewicz, Esq.
                     United States Attorneys Office
                     610 Federal Plaza
                     Central Islip, NY 11722-4454
For Defendants:

Sandra Hatfield      Roland G. Riopelle, Esq.
                     Maurice H. Sercarz, Esq.
                     Sercarz & Riopelle, LLP
                     152 West 57th Street, 24th Floor
                     New York, NY 10019

David Brooks         John C. Meringolo, Esq.
                     Meringolo and Associates, P.C.
                     1790 Broadway, Suite 1501
                     New York, NY 10019

                     Zaki I. Tamir, Esq.
                     Gofer Tamir and Assoc.
                     55 Broad Street
                     New York, NY 10004

                     James M. LaRossa, Esq.
                     240 West End Avenue
                     New York, NY 10023

                     Kenneth Ravenell, Esq.
                     William H. Murphy, Jr., Esq.
                     The Murphy Firm
                     1 South Street, 23rd Floor
                     Baltimore, MD 21202
```

Richard Ware Levitt, Esq.
Yvonne Shivers, Esq.
Law Offices of Richard W. Levitt
148 E. 78th Street
New York, NY 10021

Roger V. Archibald, Esq.
William C. Thompson, Esq.
16 Court Street
Brooklyn, NY 11241

SEYBERT, District Judge:

Pending before the Court is Defendant David Brooks' motion to admit the SEC testimony of Gary Nadelman and Jerome Krantz during his case-in-chief. Mr. Brooks contends that these witnesses are "unavailable" at trial because they intend to assert their Fifth Amendment privilege against self-incrimination. For the foregoing reasons, Mr. Brooks' motion is GRANTED, with one qualification.

I. <u>Gary Nadelman</u>

Mr. Nadelman served on DHB's Board of Directors from 1995 until August 2000, and again from August 2001 to February 2007. In his SEC testimony, Mr. Nadelman stated, among other things, that he approved a 1997 Compensation Committee Resolution ("1997 Resolution") that authorized DHB to pay Mr. Brooks' personal expenses up to 10% of DHB's net profits, in lieu of Mr. Brooks' alleged contractual bonus. Mr. Nadelman further testified that Mr. Brooks' 2000 employment agreement implicitly incorporated the 1997 Resolution's terms, even though

its text says nothing about DHB paying Mr. Brooks' personal expenses. As such, Mr. Brooks seeks to admit Mr. Nadelman's testimony to rebut the Superseding Indictment's charges that Mr. Brooks acted without DHB's authorization when he put his personal expenses on the Company's tab, and that Mr. Brooks forged the 1997 Resolution which DHB then incorporated into its public filings.

In April and May 2009, Mr. Nadelman changed his story. When proffering with the FBI, Mr. Nadelman stated that he never signed the 1997 Resolution and, in fact, never saw the document before 2005. Mr. Nadelman then expressed his belief that the 1997 Resolution was a forgery.

After these proffers, Mr. Brooks sought to call him as witness. Mr. Nadelman responded by expressing his intention to invoke his Fifth Amendment rights. Mr. Nadelman then formally invoked his Fifth Amendment rights at a non-jury hearing.

Mr. Brooks argues that, because Mr. Nadelman has refused to testify on the grounds of privilege, he is "unavailable" within FED. R. EVID. 804's meaning, enabling him to admit Mr. Nadelman's SEC testimony as a substitute. See FED. R. EVID. 804(a)(1) (witnesses unavailable if "exempted . . . on the ground of privilege from testifying"); FED. R. EVID. 804(b)(1) (testimony given "at another hearing" or "deposition" admissible if witness is unavailable). The Court agrees.

Deposition testimony is admissible "if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." FED. R. EVID. 804(b)(1). Here, the Government seeks to preclude Mr. Nadelman's testimony on the grounds that the SEC did not have the same "opportunity" or "similar motive" to develop Mr. Nadelman's testimony. In this regard, the Government notes that the SEC deposed Mr. Nadelman in 2005, and that the Government has subsequently acquired much more evidence about the relevant facts. Indeed, the Government argues that it was "[o]nly after Nadelman's proffer in April 2009" that the Government had evidence from a witness who "personal[ly] kn[ew]" that the 1997 Resolution was a forgery. Document No. 1114.

This is true. The SEC clearly did not have the same "opportunity" to develop Mr. Nadelman's testimony that the Government would have today, because the Government now has so much more information. But, substantively, the Government later enjoyed such an "opportunity" when it interviewed Mr. Nadelman in April and May 2009 and memorialized these conversations as proffer notes. And, while Mr. Nadelman's plea statements would not be admissible against him in a criminal prosecution, they are admissible to impeach his SEC testimony in this proceeding against Mr. Brooks. See U.S. v. Chapman, 718 F. Supp. 1390,

4

1393 (N.D. Ind. 1989) (Under Fed. R. Evid. 410, Mr. Wright's plea statements "could not be used to impeach Mr. Wright in Mr. Wright's trial, but . . . could be used to impeach Mr. Wright in Mr. Chapman's trial," justifying severing the two defendants). Accordingly, the Court permits Mr. Brooks to admit Mr. Nadelman's SEC testimony. But, if Mr. Brooks introduces this evidence, the Court will permit the Government to impeach Mr. Nadelman's SEC testimony on its rebuttal case using Mr. Nadelman's proffer statements.[1]

II. <u>Jermone Krantz</u>

Mr. Krantz was a DHB Board member from July 2000 until his resignation in 2006. During this period, Mr. Krantz served, at times, on the Board's Audit and Compensation Committees. His SEC testimony reflects, in part, that DHB at least implicitly authorized Mr. Brooks to spend DHB money on his personal expenses.

The Government seeks to exclude Mr. Krantz on two grounds. First, the Government argues that Mr. Krantz's SEC testimony is "non-inculpatory." Docket No. 1114 at 9. Thus, the Government contends, Mr. Krantz is an available witness

---

[1] To the extent that Mr. Brooks seeks reconsideration of this Court's Order, he should be aware that the Court has expressly linked the admissibility of Mr. Nadelman's SEC testimony to the admissibility of his proffer statements. Absent those proffer statements, the Government did not have the same "opportunity" as the SEC to question Mr. Nadelman. Thus, absent those plea statements, Mr. Nadelman's testimony would not be admissible.

5

unless Mr. Krantz proffers a more particularized basis for asserting his Fifth Amendment privilege. This argument is unavailing. At the Fifth Amendment privilege hearing, Mr. Krantz adamantly asserted the privilege. And the Government had a full and fair opportunity to question him then concerning the basis and scope for his privilege claims. In addition, notwithstanding the Government's claims, the Court disagrees that Mr. Krantz's SEC testimony is entirely "non-inculpatory." Among other things, Mr. Krantz's testified that he knew that Mr. Brooks was receiving significant compensation in the form of using DHB funds to pay his personal expenses. And, as a DHB director (and sometimes Compensation Committee member), Mr. Krantz knew, or should have known, that DHB did not fully report this compensation in its public filings. The Court will not say, as a matter of law, that a corporate director cannot face criminal liability for permitting the corporation to issue false statements concerning executive compensation. And, given these circumstances, the Court finds that Mr. Brooks has met his burden in showing that Mr. Krantz is an "unavailable" witness.

Second, the Government argues that there is no "foundation" for Mr. Krantz's testimony, because he lacks personal knowledge concerning some of this case's disputed issues, such as whether DHB's Compensation Committee actually passed a resolution in 1997 that permitted Mr. Brooks to spend

up to 10% of the Company's net income on his personal expenses. The Court agrees that Mr. Krantz's testimony, if credited by the jury, does not provide a "smoking gun" that fully exonerates Mr. Brooks. But that does not render his testimony inadmissible. Mr. Krantz's SEC testimony, if credited, provides probative factual evidence concerning DHB's compensation arrangements with Mr. Brooks between July 2000 and 2006. This is more than enough reason to admit it.

## CONCLUSION

Mr. Brooks' motion to admit the SEC testimony of Mr. Nadelman and Mr. Krantz is GRANTED. That being said, if Mr. Brooks chooses to admit Mr. Nadelman's SEC testimony, the Court will permit the Government, on its rebuttal case, to admit evidence concerning Mr. Nadelman's proffers to the Government, including the proffer notes.

SO ORDERED.

/s/
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
June 21, 2010