```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

            -against-                          MEMORANDUM AND ORDER
                                               06-CR-0550 (JS)
SANDRA HATFIELD, DAVID H. BROOKS,
PATRICIA LENNEX,

                  Defendants.
----------------------------------X
APPEARANCES:
For Government:      Richard Thomas Lunger, Jr., Esq.
                     Christopher Allen Ott, Esq.
                     James Halleron Knapp, Esq.
                     James M. Miskiewicz, Esq.
                     United States Attorneys Office
                     610 Federal Plaza
                     Central Islip, NY 11722-4454
For Defendants:

Sandra Hatfield      Roland G. Riopelle, Esq.
                     Maurice H. Sercarz, Esq.
                     Sercarz & Riopelle, LLP
                     152 West 57th Street, 24th Floor
                     New York, NY 10019

David Brooks         John C. Meringolo, Esq.
                     Meringolo and Associates, P.C.
                     1790 Broadway, Suite 1501
                     New York, NY 10019

                     Zaki I. Tamir, Esq.
                     Gofer Tamir and Assoc.
                     55 Broad Street
                     New York, NY 10004

                     James M. LaRossa, Esq.
                     240 West End Avenue
                     New York, NY 10023

                     Kenneth Ravenell, Esq.
                     William H. Murphy, Jr., Esq.
                     The Murphy Firm
                     1 South Street, 23rd Floor
                     Baltimore, MD 21202
```

Richard Ware Levitt, Esq.
Yvonne Shivers, Esq.
Law Offices of Richard W. Levitt
148 E. 78th Street
New York, NY 10021

Roger V. Archibald, Esq.
William C. Thompson, Esq.
16 Court Street
Brooklyn, NY 11241

SEYBERT, District Judge:

Pending before the Court is the Government's motion to reconsider the Court's April 21, 2010 decision. That motion is DENIED AS UNTIMELY.

Motions for reconsideration must be made within fourteen days. See, e.g., U.S. v. Kerik, 615 F. Supp. 2d 256, 276 n.27 (S.D.N.Y. 2009) (applying Local Civil Rule 6.3's time limit to a criminal case); U.S. v. Yannotti, 457 F. Supp. 2d 385, 390 (S.D.N.Y. 2006) (same). Indeed, the Court has applied this time limit in this very case. See Docket No. 1017 (denying Mr. Brooks' motion for reconsideration as untimely). Here, the Government has waited more than two months, and has provided no excuse for its tardiness. So the Government's motion must be denied without reaching the merits.

That being said, the Government's argument that forfeiture "can never be disproportionate to the offense or violate the Eighth Amendment" is illogical. See Docket No. 1144 at 5. The Supreme Court has expressly held that "[i]f the

2

amount of the forfeiture is grossly disproportional to the gravity of the defendant's offense, it is unconstitutional." U.S. v. Bajakajian, 524 U.S. 321, 334, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998). The Government does not contend that Bajakarian has been overruled or otherwise no longer remains good law. Nor can the Government feign ignorance of this holding, because the Court's April 21 decision heavily relied upon it. See U.S. v. Hatfield, 06-CR-550, 2010 WL 1685826, *3, 2010 U.S. Dist. LEXIS 39618, *11-12 (E.D.N.Y. 2010). So, in asking the Court to declare that forfeiture "can never be disproportionate to the offense or violate the Eighth Amendment," the Government is asking the Court to ignore binding Supreme Court precedent. This the Court cannot do.

                        SO ORDERED.

                        /s/_____
                        Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
           June 30, 2010