

*U.S. Department of Justice*

*United States Attorney
Eastern District of New York*

---

SLR:KAN

*271 Cadman Plaza East
Brooklyn, New York 11201*

July 26, 2010

**ELECTRONICALLY FILED
<u>COURTESY COPY BY INTEROFFICE MAIL</u>**

Honorable Joanna Seybert
United States District Judge
Eastern District of New York
Long Island Federal Courthouse
Central Islip, New York 11772

      Re:    United States v. David Brooks and Sandra Hatfield,
               <u>Criminal Action No. CR-06-550 (Seybert, J.)</u>

Dear Judge Seybert:

      The government respectfully submits this letter at this time to advise the Court of procedures to be followed and logistical issues to be addressed regarding the forfeiture phase of this trial in the event of a conviction.

**I.    <u>Conduct of the Forfeiture Phase Generally</u>**

      Forfeiture is part of a defendant's sentence.  <u>United States v. Libretti</u>, 516 U.S. 29, 38-39 (1995).  However, unlike other sentencing determinations, either party may request that the jury determine the forfeiture.[1]  Fed. R. Crim. P. 32.2(b)(5).  The parties must decide whether

---

[1]     A growing number of courts have held that neither party has a right to have the jury determine the amount of a money judgment if that is the only item that the government seeks to forfeit.  <u>United States v. Roberts</u>, 631 F. Supp. 2d 223, 225-26 (E.D.N.Y. 2009) (Irizarry, J.); <u>United States v. Galestro</u>, No. 06-CR-285, 2008 WL 2783360 at *11 (E.D.N.Y. July 15, 2008) (Ross, J.).  <u>But</u> see <u>United States v. Surgent</u>, No. 04-CR-364, 2009 WL 2525137, at *21 (E.D.N.Y. Aug. 17, 2009) (Gleeson, J.); <u>United States v. Armstrong</u>, No. 05-130, 2007 WL 809508, at *4 (E.D. La. 2007).  Here, however, the government seeks the forfeiture of specific property as well as a money judgment representing the difference between the proceeds obtained and the specific property that has been identified to date.

they wish the jury to consider the forfeiture before the jury begins deliberating the defendants' guilt.  Id.  Thus, this election must be made within the next few days.  Here, the government understands that Brooks desires to have the jury determine his forfeiture liability but that Hatfield does not.  See Tr. 19634-35.   However, given concerns over witness availability, duplication, inconsistent verdicts, use of government resources, and judicial economy, if one defendant requests that the jury determine the forfeiture, the government will insist, as is its right, to have the jury determine both defendants' forfeiture liability.

Because the same jury that determines guilt also determines the forfeiture, the forfeiture phase proceeds immediately upon the return of a guilty verdict.[2]  The government must prove its allegations by a preponderance of the evidence.  United States v. Capoccia, 503 F.3d 103, 116 (2d Cir. 2007); United States v. Fruchter, 411 F.3d 377, 383 (2d Cir. 2005).  With respect to the specific properties sought to be forfeited, the jury will be charged *only* with determining whether those properties constitute proceeds of the crimes of which the defendants have been convicted, and it is not to consider whether third parties may have an interest in those properties.  Fed. R. Crim. P. 32.2(b)(5)(B); De Almeida v. United States, 459 F.3d 377, 381 (2d Cir. 2006) (criminal forfeiture is not limited to the defendant's property and reaches all property tainted by the offense; third party interests are resolved in ancillary proceeding).  Nor may the jury consider whether the requested forfeiture may be excessive.  See, e.g. United States v. Derman, 211 F.3d 175, 194 (1st Cir. 2000).  See also Docket Nos. 1144 and 1195.  The parties may rely upon evidence introduced during the guilt phase as well as new evidence admitted during the forfeiture proceeding.  Fed. R. Crim. P. 32.2(b)(1)(B); Capoccia, 503 F.3d at 109.  Hearsay is also admissible, provided the Court finds it to be reliable.  Fed. R. Crim. P. 32.2(b)(1)(B); Capoccia, 503 F.3d at 109; United States v. Stathakis, No. 04-CR-790, 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008) (Amon, J.) (court may rely upon hearsay to determine amount of money judgment).

Once the jury returns its verdict regarding the forfeiture allegations, the Court must enter a Preliminary Order of Forfeiture forfeiting the defendants' interests in the properties and money judgment.  The government will then serve notice of the forfeiture upon known potential claimants as well as publish the contents of the Preliminary Order on www.forfeiture.gov.  Third party claims, if any, will be resolved in an ancillary proceeding.  Fed. R. Crim P. 32.2(b)(6), 32.2(c); 21 U.S.C. §853(n); De Alemida, 459 F.3d at 381.

---

[2]     Of course, the Court may have the jury return at a time that is convenient for all involved, but, because the same jury must be used, the forfeiture phase typically proceeds immediately after the guilty verdict or within the next day or two.  See United States v. Cantu, 167 F.3d 198, 206-07 (5th Cir. 1999) (forfeiture proceeding is not a separate proceeding, even though it is bifurcated from the guilt phase, and same jurors therefore return the forfeiture verdict).

II.     **The Government's Anticipated Proof in This Case**

At this time, the government intends to call Special Agent Robert Cappadona of the Federal Bureau of Investigation to explain how each of the identified assets was traced to the crime(s) of conviction. Agent Cappadona's affidavits in support of the seizure warrants issued to date are publicly available on the docket, and some 3500 material has already been disclosed. While the government anticipates introducing few, if any, additional bank records during the forfeiture phase, it does anticipate using summary charts and photographs. Barring lengthy sidebars, the government expects to complete Agent Cappadona's direct examination in two days or less.

Whether the government calls any other witnesses depends upon the Court's ruling on the pending motion to reconsider the definition of gross proceeds. If the Court denies the motion, then the government will be forced to call an expert to opine as to what the value of DHB stock would have been in November and December 2004 if there had not been an underlying accounting fraud. This will necessarily introduce additional complexity and will prolong the forfeiture phase; it will also affect the jury instructions. At this time, the government does not expect to call any experts in its case in chief if the Court rules that gross proceeds constitute the entire amount generated by the sale of stock.

The government respectfully requests that the Court hold a conference, perhaps after the jury has begun its deliberations, to address these logistical issues and set deadlines for the exchange of 3500 material and proposed exhibits and jury instructions.

Thank you for Your Honor's consideration of this submission.

         Respectfully submitted,

         LORETTA E. LYNCH
         United States Attorney

By: /s/_____
    Kathleen A. Nandan
    James H. Knapp
    Assistant U.S. Attorneys
    (718) 254-6409/7000

cc: All Counsel By ECF